In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00279-CR
_____

ARTHUR V. MATLOCK, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 25915

_____

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, Appellant Arthur V. Matlock pleaded guilty to the state jail felony of credit card or debit card abuse. *See* Tex. Penal Code Ann. § 32.31. The trial court found Matlock guilty and assessed his punishment at two years in state jail, 100 hours of community service, a $500 fine and ordered him to pay $121 in restitution to his victim but suspended the confinement portion of

Matlock's sentence and placed him on community supervision for five years, with express conditions.

Subsequently, prior to the expiration of the term of community supervision, the State filed a motion to revoke Matlock's community supervision. At the hearing on the State's motion, Matlock pleaded "true" to violating certain terms of the community supervision order and the trial court found that Matlock had violated the terms of his community supervision. The trial court revoked Matlock's community supervision and sentenced him to two years in state jail.

On appeal, Matlock's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On November 4, 2024, we notified Matlock of his right to file a pro se brief and notified him of the deadline for doing so, but we received no response from him.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that arguably would support the appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it

considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

    AFFIRMED.


                                   JAY WRIGHT
                                      Justice

Submitted on February 5, 2025
Opinion Delivered March 5, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

[1] Matlock may challenge our decision in this case by filing a petition of discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.